UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

FILED
OCT -1 2025
CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA

BOBBY D GRAY III
1544 Polk Street #9
San Francisco, CA 94109
(415) 374-6444
bdg.iii@icloud.com

Plaintiff, Pro Se

CV 25-08380 TSH

| | |
|---|---|
| BOBBY D GRAY III,<br><br>  Plaintiff,<br><br>v.<br><br>JOHN DOE TELEMARKETER(S),<br>and DOES 1-10,<br><br>  Defendants. | Case No. (TBD)<br><br>COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF (TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. §227) |

**I. INTRODUCTION**

1. Plaintiff brings this action under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, to stop Defendants' illegal telemarketing robocalls and recover statutory damages.

2. Defendants placed at least **two unsolicited telemarketing calls** to Plaintiff on **September 16, 2025** and **September 17, 2025**, using **prerecorded** scripts, with shifting caller IDs and business names, then **hung up** when asked for basic identifying information.

**II. JURISDICTION AND VENUE**

COMPLAINT                                                          1

3. This Court has federal-question jurisdiction under 28 U.S.C. § 1331 (TCPA).

4. Venue is proper in this District under 28 U.S.C. § 1391 because Plaintiff resides here, received the calls here, and a substantial part of the events occurred here.

## III. PARTIES

5. Plaintiff **BOBBY D. GRAY III** is a resident of San Francisco, California.

6. Defendants **John Doe Telemarketer(s)** are persons/entities whose identities are presently unknown who initiated or caused the calls at issue. Plaintiff will amend to name them after early discovery.

7. On information and belief, Defendants used or operated under shifting trade names including **"Atlas Health & Wellness"** and **"Nova Healthcare."**

## IV. FACTS

8. **September 16, 2025:** Plaintiff received an unsolicited call to his phone displaying **caller ID 415-513-0735**. The call began with a human-sounding "Hello?" then switched to a **prerecorded** Medicare marketing message. When Plaintiff asked who was calling, the agent identified **"Atlas Health & Wellness, Detroit, Michigan."** When Plaintiff requested a physical address, the caller evaded and **disconnected.**

9. **September 17, 2025 at approximately 10:12 a.m. (PT):** Plaintiff received another unsolicited call displaying **caller ID 415-481-0205**. The call again used a **prerecorded** Medicare marketing script. When asked who was

9. calling, the agent identified **"Nova Healthcare, Miami, Florida."** When Plaintiff requested an address, the caller again **disconnected**.

10. Plaintiff has **no relationship** with Defendants and **never consented** to receive telemarketing calls.

11. The calls invaded Plaintiff's privacy, wasted time, and caused annoyance and frustration.

12. On information and belief, Defendants used an **artificial or prerecorded voice** and/or an **automatic telephone dialing system** to place the calls, and manipulated caller ID by using different **415** numbers while claiming out-of-state business locations.

## V. CLAIMS FOR RELIEF

### COUNT I — TCPA § 227(b)(1)(A)

(Use of Artificial/Prerecorded Voice and/or Autodialer Without Consent)

13. Plaintiff incorporates the foregoing paragraphs.

14. Defendants called Plaintiff's phone **without prior express consent** and used an **artificial or prerecorded voice** to deliver telemarketing messages

15. Each call is a separate violation of § 227(b)(1)(A).

16. Plaintiff seeks **$500 per call** in statutory damages, or **$1,500 per call** for **willful or knowing** violations, and injunctive relief.

### COUNT II — TCPA § 227(c) & 47 C.F.R. § 64.1200

(Failure to Honor Company-Specific Do-Not-Call / Telemarketing Restrictions)

17. Plaintiff incorporates the foregoing paragraphs.

18. Defendants placed **unsolicited telemarketing** calls and failed to provide verifiable business identity or address, and failed to maintain or honor a company-specific **do-not-call** policy.

19. Each call constitutes a violation of § 227(c) and associated regulations.

20. Plaintiff seeks statutory damages and injunctive relief.

## VI. PRAYER FOR RELIEF

21. Plaintiff requests judgment as follows:

    A. Statutory damages of **$500 per violating call**, trebled to **$1,500 per call** for willful/knowing violations;

    B. **Injunctive relief** prohibiting further unlawful calls to Plaintiff;

    C. An order authorizing **expedited discovery** and **Rule 45 subpoenas** to identify the John Doe telemarketer(s) and their vendors/carriers (including call-routing/VoIP records for **415-513-0735** and **415-481-0205** on the dates/times above);

    D. Costs and such other relief as the Court deems just and proper.

## VII. JURY DEMAND

22. Plaintiff demands a jury trial on all issues so triable.

Respectfully submitted,

/s/ **BOBBY D. GRAY III**

BOBBY D. GRAY III
1544 Polk Street #9
San Francisco, CA 94109
(415) 374-6444
bdg.iii@icloud.com
Dated: **September 17, 2025**