UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

**FILED**

OCT -1 2025

CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA

BOBBY D GRAY III
1544 Polk Street #9
San Francisco, CA 94109
(415) 374-6444
bdg.iii@icloud.com

**CV 25-08380**

**TSH**

Plaintiff, Pro Se

| | |
|---|---|
| BOBBY D GRAY III,<br><br>Plaintiff,<br><br>v.<br><br>JOHN DOE TELEMARKETER(S),<br>and DOES 1-10,<br><br>Defendants. | Case No. (TBD)<br><br><br>PLAINTIFF'S MOTION FOR EXPEDITED DISCOVERY |

## I. INTRODUCTION

Plaintiff brings this action under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, against unknown telemarketers ("John Doe Defendants") who placed unsolicited, prerecorded telemarketing calls to Plaintiff's phone on **September 16, 2025** (caller ID 415-513-0735, "Atlas Health & Wellness, Detroit, MI") and **September 17, 2025** at approximately 10:12 a.m. (caller ID 415-481-0205, "Nova Healthcare, Miami, FL").

Because Defendants concealed their identities, refused to provide valid addresses, and manipulated caller ID, Plaintiff is unable to serve the summons and complaint without third-party discovery. Plaintiff therefore moves for leave to conduct **expedited discovery** to subpoena

the telecommunications carriers and VoIP providers responsible for these numbers in order to identify the Defendants for service.

## II. FACTUAL BACKGROUND

1. Plaintiff resides in San Francisco, California.

2. On September 16, 2025, Plaintiff received an unsolicited robocall from caller ID 415-513-0735, which identified itself as "Atlas Health & Wellness, Detroit, MI." The caller hung up when asked for an address.

3. On September 17, 2025, at approximately 10:12 a.m., Plaintiff received another unsolicited robocall from caller ID 415-481-0205, identifying itself as "Nova Healthcare, Miami, FL." The caller again hung up when asked for an address.

4. Both calls used a prerecorded message and were unsolicited.

5. Plaintiff has no relationship with Defendants and never gave prior express consent to be called.

6. Without expedited discovery, Plaintiff cannot determine the true names and addresses of the Defendants to effectuate service of process.

## III. LEGAL STANDARD

Federal Rule of Civil Procedure 26(d)(1) provides that a party may not seek discovery before the Rule 26(f) conference except when authorized by court order. Courts in this District apply a **good cause** standard to determine whether early discovery should be allowed. *See Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 275–76 (N.D. Cal. 2002).

Good cause exists where:

- (1) the plaintiff cannot identify defendants without discovery;

- (2) the request is narrowly tailored;

- (3) the information sought is in third parties' control; and

- (4) early identification will allow service of process and the case to proceed on the merits.

---

## IV. ARGUMENT

Good cause exists here. Plaintiff cannot serve the summons and complaint without knowing Defendants' true identities and addresses. The only way to obtain that information is through subpoenas to the carriers and VoIP providers responsible for the call path of **415-513-0735** and **415-481-0205** at the relevant dates/times.

The request is narrowly tailored: Plaintiff seeks only subscriber information, call detail records, and call routing/SIP data sufficient to identify the person(s) or entity(ies) who placed the calls. The burden is minimal because carriers and VoIP providers routinely maintain such records.

Without expedited discovery, Plaintiff will be unable to serve the Defendants, and this case cannot proceed.

---

## V. REQUESTED RELIEF

Plaintiff respectfully requests that the Court grant this Motion and authorize Plaintiff to serve Rule 45 subpoenas on:

1. The telecommunications carriers/VoIP providers assigned to numbers **415-513-0735** and **415-481-0205** at the times of the calls on September 16 and 17, 2025; and

2. Any upstream carriers/VoIP providers identified in initial responses, limited to subscriber information and call detail records necessary to identify Defendants.

Plaintiff further requests that the Court authorize Plaintiff to use the subpoena responses solely for the purpose of identifying and serving Defendants in this action.

---

## VI. CONCLUSION

For the foregoing reasons, Plaintiff respectfully asks the Court to grant this Motion for Expedited Discovery.

Respectfully submitted,

/s/ **BOBBY D. GRAY III**
BOBBY D. GRAY III
1544 Polk Street #9
San Francisco, CA 94109
(415) 374-6444
bdg.iii@icloud.com
Dated: **September 17, 2025**