UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOBBY D. GRAY III,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>JOHN DOE TELEMARKETER(S),<br><br>　　　　Defendant. | Case No. 25-cv-08380-TSH<br><br>**ORDER GRANTING MOTION FOR EXPEDITED DISCOVERY**<br><br>Re: Dkt. No. 3 |

## I.　INTRODUCTION

Plaintiff Bobby Gray III brings this action under the Telephone Consumer Protection Act of 1991 (TCPA), 47 U.S.C. § 227, seeking damages for unwanted calls from telemarketers. Pending before the Court is Plaintiff's Motion for Expedited Discovery to serve third-party subpoenas on telecommunications providers Inteliquent, Lumen Technologies, and AT&T to discover the telemarketers' identities. ECF Nos. 3 (Motion), 11 (Proposed Subpoenas). Good cause appearing, the Court **GRANTS** Plaintiff's motion.

## II.　BACKGROUND

On September 16, 2025, Plaintiff received an unsolicited call to his phone displaying caller ID 415-513-0735. Compl. ¶ 8, ECF No. 1. The call began with a human-sounding "Hello?" then switched to a prerecorded Medicare marketing message. *Id.* When Plaintiff asked who was calling, the agent identified "Atlas Health & Wellness, Detroit, Michigan." *Id.* When Plaintiff requested a physical address, the caller disconnected. *Id.*

On September 17, 2025, Plaintiff received an unsolicited call displaying caller ID 415-481-0205. *Id.* ¶ 9. The call again used a prerecorded Medicare marketing script. *Id.* When asked who

1  was calling, the agent identified "Nova Healthcare, Miami, Florida." *Id.* When Plaintiff requested
2  an address, the caller disconnected. *Id.*
3      Plaintiff filed this case on October 1, 2025, alleging two claims under the TCPA against
4  John Doe Telemarketers. He seeks statutory damages of $500 per call, trebled to $1,500 per call
5  for willful/knowing violations, and injunctive relief prohibiting further calls. *Id.* at 4. Plaintiff
6  filed the present motion on the same day. He argues "Defendants concealed their identities,
7  refused to provide valid addresses, and manipulated caller ID," and he is therefore unable to serve
8  the summons and complaint without third party discovery to discover their identities. Mot. at 1-2.

### III. LEGAL STANDARD

    Federal Rule of Civil Procedure 26(d) states, "A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order." Here, no Rule 26(a)(1) (B) exception or rule applies, nor can Plaintiff obtain a stipulation from unknown defendants. Thus, he may only use expedited discovery by court order.

    A court may authorize early discovery for the convenience of parties and witnesses and in the interests of justice. Fed. R. Civ. P. 26(d). Generally, courts within the Ninth Circuit consider whether a plaintiff has shown "good cause" for early discovery. *See Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 275-77 (N.D. Cal. 2002); *Donaldson v. Garland*, 2022 WL 17252701, at *1 (E.D. Cal. Nov. 28, 2022) (collecting cases). "Good cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." *Semitool*, 208 F.R.D. at 276.

    "In evaluating whether a plaintiff establishes good cause to learn the identity of Doe defendants through early discovery, courts examine whether the plaintiff (1) identifies the Doe defendant with sufficient specificity that the Court can determine that the defendant is a real person who can be sued in federal court, (2) recounts the steps taken to locate and identify the defendant, (3) demonstrates that the action can withstand a motion to dismiss, and (4) proves that the discovery is likely to lead to identifying information that will permit service of process."

*Donaldson*, 2022 WL 17252701, at *1 (quoting *ZG TOP Tech. v. Doe*, 2019 WL 917418 at *2 (W.D. Wash. Feb. 25, 2019)). "Where the true identity of a defendant is not known, '"the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds.'" *Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999) (quoting *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980)).

### IV.  ANALYSIS

Plaintiff has identified the telephone number from which Defendants called, but he is unable to obtain Defendants' names and addresses because he has no relationship with Defendants and was unable to obtain their information on the phone. Compl. ¶¶ 8-10. Plaintiff has also shown he can only obtain this information through subpoenas to the carriers responsible for the telephone numbers 415-513-0735 and 415-481-0205. Mot. at 3. He seeks only subscriber information sufficient to identify the person(s) or entity(ies) who placed the calls. *Id.* Courts routinely allow expedited discovery for good cause such as determining a defendant's identity and address. *See, e.g., Donaldson*, 2022 WL 17252701, at *2; *UMG Recordings, Inc. v. Doe*, 2008 WL 4104214, at *5 (N.D. Cal. Sept. 3, 2008).

Finally, Plaintiff has demonstrated a prima facie claim for violations of the TCPA. The TCPA generally prohibits the use of an Automated Telephone Dialing System, except for emergency purposes or with the prior express consent of the called party. 47 U.S.C. § 227(b)(1)(A). Plaintiff alleges Defendants violated the TCPA by calling his phone without prior express consent and using an artificial or prerecorded voice to deliver telemarketing messages. Compl. ¶ 14. The TCPA provides a private cause of action for violations of the Act. 47 U.S.C. § 227(b)(3).

Accordingly, the Court finds good cause exists to permit Plaintiff to propound early limited discovery to determine Defendants' identities and addresses for service.

### V.  CONCLUSION

Based on the analysis above, the Court **GRANTS** Plaintiff's motion. Plaintiff may serve Rule 45 subpoenas on Inteliquent, Lumen Technologies, and AT&T to provide the true names and

addresses of Defendants.  Plaintiff shall attach a copy of this order to the subpoenas.

**IT IS SO ORDERED.**

Dated: October 29, 2025

THOMAS S. HIXSON
United States Magistrate Judge